**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRADY C. WAKELAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No.: 22-3131-CSB** |
| | ) | |
| | ) | |
| **TIMOTHY ADESANYA and** | ) | |
| **SHERRY SIMMONS** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants' motion for summary judgment. As explained more fully *infra*, Defendants are entitled to the summary judgment that they seek because Plaintiff Brady C. Wakeland has failed to identify a genuine issue of material fact that would preclude summary judgment in Defendants' favor and because Defendants have demonstrated that they are entitled to judgment as a matter of law.

**I.**
**MATERIAL FACTS**

During the relevant time, Plaintiff Brady C. Wakeland was an inmate with the Illinois Department of Corrections ("IDOC") who was incarcerated at the IDOC's Graham Correctional Center ("Graham"). Since filing this lawsuit, Plaintiff has been released from the IDOC's custody, and he is no longer incarcerated. Plaintiff has no medical training or experience.

Defendant Timothy Adesanya is a physician assistant ("PA Adesanya") who is licensed to practice in the State of Illinois. Defendant Sherry Simmons ("Dr. Simmons") is a physician licensed to practice in the State of Illinois. During the relevant time, both PA Adesanya and Dr. Simmons worked at Graham and provided medical care to the IDOC inmates who were housed there.

On March 8, 2022, Plaintiff went to sick call at Graham to be screened for a sexually transmitted infection ("STI"). Prior to incarceration, Plaintiff was treated for a STI, and thereafter, he was re-infected. During this examination, another physician's assistant performed a urine dipstick test on Plaintiff in order to screen and diagnose whether Plaintiff was suffering from a urinary tract infection ("UTI"). The results of the urine dipstick test performed on Plaintiff were negative for a UTI.

Accordingly, the physician's assistant asked PA Adesanya if he would perform an examination of Plaintiff's penis and if he would administer a penile swab test in order to determine or to rule out if Plaintiff had contracted Gonorrhea and/or Chlamydia. Both Gonorrhea and Chlamydia are sexually transmitted infections ("STI"). PA Adesanya complied with the other physician's assistant's request, and PA Adesanya performed a penile swab test on Plaintiff. Before performing the test, PA Adesanya explained the process for the test to Plaintiff, and Plaintiff agreed to the test. Upon completing the penile swab test, PA Adesanya collected the sample, placed the sample in a sample bag, and sent the sample to a laboratory for testing. PA Adesanya then instructed Plaintiff to return to the healthcare unit in a couple of weeks so that they could discuss the results of his penile swab test. Unfortunately, Plaintiff's sample was

lost by an unknown third-party, and therefore, the Parties never received the result of the penile swab test performed by PA Adesanya on Plaintiff.

On March 24, 2022, Dr. Simmons saw Plaintiff for complaints of clear and thick white/gray discharge, painful urination, and itchiness at the tip of his penis. Upon examination, Dr. Simmons assessed Plaintiff with painful penile discharge. Dr. Simmons noted that Plaintiff's penile swab test had been misplaced and that the results were never received. Nevertheless, Plaintiff refused Dr. Simmons' invitation for another swab test. Accordingly, prescribed antibiotics to Plaintiff to treat his penile discharge.

On March 28, 2022, Plaintiff was transferred to Danville Correctional Center ("Danville"). After arriving at Danville, Dr. Jonathan Ek continued Plaintiff's antibiotic prescription provided by Dr. Simmons.

On July 11, 2022, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants violated his Constitutional rights with regard to the medical care that Defendants provided to him when he was housed at Graham. Specifically, Plaintiff alleged that, rather than provide appropriate medical treatment for his condition, PA Adesanya used the opportunity to inflict physical pain and embarrassment on him because of his STI by purposefully choosing to administer an inappropriate penile swab test on him. Plaintiff further alleges that PA Adesanya administered the test in such a manner so as to inflict the maximum pain upon him. Finally, Plaintiff alleged that Dr. Simmons knowingly provided ineffective treatment for his STI.

Defendants have now moved for summary judgment on Plaintiff's deliberate indifference claim against him.

**II.**
**STANDARDS GOVERNING SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The same standard applies when considering cross-motions for summary judgment. *International Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting)(1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax,*

4

*Inc.*, 191 F.3d 813, 818 (7ᵗʰ Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## III.
## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

Persons acting under the color of law violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs, serious mental health needs, or serious dental needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7ᵗʰ Cir. 2011)(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7ᵗʰ Cir. 2009)("Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."). The deliberate indifference standard requires a plaintiff to clear a high threshold in order to maintain a Constitutional claim. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7ᵗʰ Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the . . . officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7ᵗʰ Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7ᵗʰ Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7ᵗʰ Cir. 2008)(same).

"A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653).

"With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

"Deliberate indifference is not medical malpractice; the [Constitution] does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draws the inference." *Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that a plaintiff "need not prove that the . . . officials intended, hoped for, or desired the harm that transpired. Nor does a [plaintiff] need to show that he was literally ignored. That the [plaintiff] received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

In the instant case, Defendants are entitled to summary judgment for a plethora of reasons. For example, Plaintiff did not comply with the Court's Local Rules in preparing his response. Local Rule 7.1(D)(2)(b)(2) requires a party who is responding to a motion for summary judgment to: "List by number each fact from Section B of the motion for summary judgment which is conceded to be material but is claimed to be disputed. Each claim of disputed fact must be supported by evidentiary documentation referenced by specific page." *Id*. Plaintiff did not follow this Local Rule in his response to Defendants motion for summary judgment, in that, he did not specifically respond to each of every one of Defendants' numbered facts with evidence disputing Defendants' asserted, material, undisputed fact. Local Rule 7.1(D)(2)(b)(6) provides that "[a] failure to respond to any numbered fact [contained within a motion for summary judgment] will be deemed an admission of the fact." *Id*. Therefore, Plaintiff has admitted all of the relevant facts that show that Defendants are entitled to summary judgment, and the Court incorporates those facts herein. *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), *as revised* (July 19, 2010)(internal citations omitted)("At summary judgment, the plaintiffs filed an opposition to the defendants' motion but did not bother to respond to their statement of material facts. The district court thus accepted the defendants' statement of material facts as true. We do as well.").

In addition, it is not clear at all that Plaintiff's condition was "serious" for purposes of his Eighth Amendment claim. The United States Court of Appeals for the Seventh Circuit has made clear that not "every ache, and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim."

*Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997); *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021)(same).

The undisputed facts show that Plaintiff suffered from an STI. However, Plaintiff's allegation, at least against PA Adesanya, is not specifically related to his STI. Instead, Plaintiff alleged that PA Adesanya performed the penile swab test in a purposefully painful manner.[1]

But even assuming that PA Adesanya performed the test in a negligent manner, as explained *supra*, negligence is an insufficient basis upon which to proceed and prevail in a deliberate indifference claim under the Eighth Amendment. *Lee*, 533 F.3d at 509. Likewise, even assuming that PA Adesanya performed the test in a manner so as to purposefully inflict pain on Plaintiff, the only evidence before the Court is that the pain associated with the test was temporary and carried no long-term, adverse effects. Plaintiff was never hospitalized as a result of the manner in which PA Adesanya performed the test, and he has offered no evidence that he ever sought medical attention due to the pain or damage resulting from the manner in which PA Adesanya performed the penile swab test.

However, the Court need not definitively make a ruling on whether Plaintiff's medical needs were sufficiently serious so as to invoke the Eighth Amendment's

---

[1] In his response, Plaintiff also alleges that PA Adesanya also sexually assaulted him while performing the penile swab test. However, Plaintiff did not make those allegations in his Complaint, and he cannot expand the scope of his claim or try to amend his Complaint in a response to a motion for summary judgment. *Anderson v. Donahoe*, 699 F.3d 989, 998 (7th Cir. 2012). Regardless, Plaintiff has offered no evidence in support of his allegation that PA Adesanya sexually assaulted him.

protections because it is clear that Defendants did not act with deliberate indifference towards Plaintiff's medical needs. Plaintiff has offered four types of evidence to show that both PA Adesanya and Dr. Simmons acted with deliberate indifference towards his medical care.

*First*, Plaintiff has offered his own opinion that Defendants' actions constituted deliberate indifference. However, noted above, Plaintiff is not a doctor, and he has no medical training. Therefore, Plaintiff lacks the knowledge, training, or expertise necessary to offer an expert opinion under Federal Rule of Evidence 702 as to the proper medical treatment and care for his medical condition. *E.g.*, *Walker v. Zunker*, 30 Fed. Appx. 625, 628 (7th Cir.  2002)("[w]ithout any medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of treatment is insufficient to raise a genuine issue of material fact.").

*Second*, Plaintiff points to the grievances that he submitted while he was at Graham in support of is attempt to create a question of fact sufficient to defeat Defendants' motion for summary judgment. However, Plaintiff's self-serving, unsworn grievances are insufficient to defeat a motion for summary judgment. *Guirlando v. Roberts*, 2021 WL 3438652, * 4 (W.D. Ark. July 8, 2021), *report and recommendation adopted,* 2021 WL 3432880 (W.D. Ark. Aug. 5, 2021); *Mays v. Rhodes*, 255 F.3d 644, 648 (8th Cir. 2001)(holding that unsworn statements in inmate grievance forms could not defeat summary judgment motion); *Skidgel v. Martin*, 2012 WL 13076241, * 1 (D.N.M. Aug. 3, 2012)(holding that "the mere filing of an unsuccessful grievance is not evidence sufficient to defeat summary judgment.").

*Third*, Plaintiff has offered an affidavit from fellow inmate Christopher Welb in support of his response and in support of his argument that the Court should deny Defendants' motion for summary judgment. Federal Rule 56(c) provides that a party moving for summary judgment may support factual positions through affidavits. Such affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters states." Fed. R. Civ. P. 56(c)(4). Although personal knowledge may include reasonable inferences, those inferences must be "grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).

Mr. Welb's affidavit does not satisfy this standard. Simply claiming that "he was made aware" that Plaintiff suffered an injury does not demonstrate personal knowledge that Defendants did or did not deprive Plaintiff of his Constitutional rights. *Id.* Likewise, Mr. Welb's testimony that he knows that Plaintiff submitted grievances at Graham does not constitute admissible evidence sufficient to defeat Defendants' motion for summary judgment.

*Fourth*, Plaintiff cites to his medical records in support of his claim that the medical care that Defendants provided to him was Constitutionally deficient. Although Defendants have submitted his medical records in support of their motion for summary judgment and although he may cite to and rely upon that evidence in support of his response to their motion for summary judgment, Plaintiff has not cited to any specific

10

page or portion of his medical records that demonstrates or creates a question of fact

sufficient to defeat Defendants' motion for summary judgment, and it was his

responsibility to do so. It is not the Court's job to cull through the medical records to

find such a dispute. Therefore, the Court cannot determine whether Plaintiff's medical

records support his position. As oft times noted, summary judgment is the "put-up or

shut-up" point in litigation, and Plaintiff has not specifically cited the evidence

necessary to create a question of fact sufficient to defeat Defendants' motion for

summary judgment. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)(quoting *Hammel v.*

*Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)(other citations omitted)).

The Eighth Amendment guarantees a prisoner treatment of his serious medical

needs, not a doctor of his own choosing. *Estelle*, 429 U.S. at 104-106 (1976); *United States*

*v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985). It does not guarantee access to the latest

technology or to a specific medical test. *Glenn v. Barua*, 2007 WL 3194051, * 3 (3d Cir.

2007)(noting that "a decision not to use an x-ray or other diagnostic technique is "a

classic example of a matter for medical judgment, and does not by itself amount to

constitutionally deficient treatment.")(internal quotation omitted). "A prisoner has the

right to medical care; however, he does not have the right to determine the type and

scope of the medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, *

8 (C.D. Ill. Sept. 7, 2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)).

"The Eighth Amendment does not require that prisoners receive unqualified access to

healthcare. Rather, inmates are entitled only to adequate medical care." *Leyva v. Acevedo*,

2011 WL 1231349, * 10 (C.D. Ill. Mar. 28, 2011)(internal quotations omitted).

11

Furthermore, the law is clear that "a difference of opinion between a physician and the patient does not give rise to a constitutional right, nor does it state a cause of action under § 1983." *Carter*, 2011 WL 3924159 at * 8. "A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. Detella,* 95 F.3d 586, 592 (7th Cir. 1996).

Here, Plaintiff has failed to offer any admissible evidence with which to show that Defendants acted with a sufficiently culpable state of mind in treating Plaintiff's medical condition. Although Plaintiff claims that using a penile swab to test for an STI is an antiquated test, Defendants have offered evidence that the urine dipstick test that Plaintiff contends that Defendants should have used to test for an STI is not a proper test for determining whether an individual suffers from an STI. Defendants possess the medical training and the expertise to offer such an opinion; Plaintiff does not.[2] *Duckworth*, 532 F.3d at 679; *Judkins v. Obaisi*, 2021 WL 1784763, * 5 (N.D. Ill. May 5, 2021)("To the extent Judkins disagrees with Obaisi's decision not to refer him to a specialist, disagreement with a doctor's 'medical judgment' typically does not constitute deliberate indifference.").

---

[2]  At most, Plaintiff has offered speculation in support of his argument, but speculation is an insufficient basis upon which to deny an otherwise proper motion for summary judgment. *Moran v. Calumet City*, 54 F.4th 483, 491 (7th Cir. 2022)(holding that a party needs evidence, not mere speculation, to defeat summary judgment").

Plaintiff has offered no admissible evidence to show that Defendants' course of treatment for his medical condition was outside the bounds of what was professionally reasonable or that either Defendant possessed the mental state necessary to be held liable under the Eighth Amendment for acting with deliberate indifference towards his medical condition. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016), *as amended* (Aug. 25, 2016); *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). Defendants were not at fault for the loss of the specimen from Plaintiff's penile swab. Plaintiff received antibiotics to treat his condition. And, Plaintiff has offered no evidence—again, other than his own speculation—that he was transferred to Danville so that Defendants could avoid providing further treatment to him or so that they could hide their deliberate indifference towards his serious medical needs.[3] Accordingly, Defendants are entitled to summary judgment on Plaintiff's deliberate indifference claim against them.

**IT IS, THEREFORE, ORDERED:**

**1.      Defendants' motion for summary judgment [62] is GRANTED. The Clerk of the Court is directed to enter judgment in all Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

**2.      If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

---

[3] The Court doubts that Defendants, as medical professionals, had the ability to mandate or require that Plaintiff be transferred to another IDOC facility.

13

3.      If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

4.      If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.


Entered this 23rd day of February, 2024

                        _____/s Colin S. Bruce_____
                              COLIN S. BRUCE
                        UNITED STATES DISTRICT JUDGE

14